JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Ralph Freeman, as Administrator of the Estate of Jeremiah J. Ferguson Freeman

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Robert N. Braker, Esquire
1650 Market Street, 52nd floor
Philadelphia, PA 19103

## DEFENDANTS

City of Chester, Shamar Management, LLC and Peco

County of Residence of First Listed Defendant   Delaware
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                                  *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & / ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander / Pharmaceutical Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' / Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability / ☐ 368 Asbestos Personal Injury Product | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 340 Marine / Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | **LABOR** | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | Product Liability / ☐ 380 Other Personal | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☒ 360 Other Personal / Property Damage Injury | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| | ☐ 362 Personal Injury - / ☐ 385 Property Damage Medical Malpractice / Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** | **IMMIGRATION** | | |
| | ☐ 448 Education / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE   Goldberg            DOCKET NUMBER   20-cv-5388

DATE
Apr 1, 2021

SIGNATURE OF ATTORNEY OF RECORD

### FOR OFFICE USE ONLY

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

JS 44 Reverse (Rev. 10/20)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**    **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)**    **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)**    **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**    **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: <u>Nature of Suit Code Descriptions</u>.

**V.**    **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.**    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**    **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 5117 Ludlow Street, Philadelphia, PA 19139 _____

Address of Defendant: _____ 1 Fourth Street, Chester, PA _____

Place of Accident, Incident or Transaction: _____ 218-220 Concord Avenue, Chester, PA _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ 20-cv-5388 _____   Judge: _____ Mitchell Goldberg _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes [ ]   No [ ]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes [ ]   No [ ]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes [ ]   No [ ]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes [ ]   No [ ]

I certify that, to my knowledge, the within case [ ] is / [ ] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 04/01/2021 _____   *(signature)* _____   62583 _____
                          *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.   Federal Question Cases:**

- [ ] 1. Indemnity Contract, Marine Contract, and All Other Contracts
- [ ] 2. FELA
- [ ] 3. Jones Act-Personal Injury
- [ ] 4. Antitrust
- [ ] 5. Patent
- [ ] 6. Labor-Management Relations
- [✓] 7. Civil Rights
- [ ] 8. Habeas Corpus
- [ ] 9. Securities Act(s) Cases
- [ ] 10. Social Security Review Cases
- [ ] 11. All other Federal Question Cases
     *(Please specify):* _____

**B.   Diversity Jurisdiction Cases:**

- [ ] 1. Insurance Contract and Other Contracts
- [ ] 2. Airplane Personal Injury
- [ ] 3. Assault, Defamation
- [ ] 4. Marine Personal Injury
- [ ] 5. Motor Vehicle Personal Injury
- [ ] 6. Other Personal Injury *(Please specify):* _____
- [ ] 7. Products Liability
- [ ] 8. Products Liability – Asbestos
- [ ] 9. All other Diversity Cases
     *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Robert N. Braker _____, counsel of record *or pro se plaintiff*, do hereby certify:

- [✓] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

- [ ] Relief other than monetary damages is sought.

DATE: 04/01/2021 _____   *(signature)* _____   62583 _____
                          *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RALPH E. FREEMAN, as ADMINISTRATOR OF THE ESTATE OF JEREMIAH J. FERGUSON FREEMAN, Deceased, on behalf of said Decedent's heirs-at-law and next of kin and in his own behalf<br>5117 Ludlow Street<br>Philadelphia, PA 19139<br><br>v.<br><br>CITY OF CHESTER<br>City Hall<br>1 Fourth Street<br>Chester, PA 19013<br><br>And<br><br>SHAMAR MANAGEMENT, LLC<br>8523 Cratin Place<br>Philadelphia, PA 19153<br><br>And<br><br>PECO<br>2301 Market Street<br>Philadelphia, PA 19103 | No.<br><br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S COMPLAINT

### PARTIES

1.      Plaintiff, Ralph E. Freeman, as Administrator of the Estate of Jeremiah J. Ferguson Freeman, Deceased, is an adult individual and has been appointed Administrator of the Estate of Jeremiah J. Ferguson Freeman, Deceased as a Minor, residing at 5117 Ludlow Street, Philadelphia, PA 19139.

2. Defendant, City of Chester ("Chester") is a municipality within the Commonwealth of Pennsylvania, with an office for service located at 1 Fourth Street, Chester, PA 19013.

3. Defendant, Shamar Management, LLC is a business entity organized and existing under the laws of the Commonwealth of Pennsylvania, which at all times relevant hereto, engaged in regular, systematic, continuous and substantial business within Delaware County, and with a principal place of business at 8523 Cratin Place, Philadelphia, PA 19153.

4. Defendant, PECO Energy Company ("PECO") is a business entity organized and existing under the laws of the Commonwealth of Pennsylvania, which at all times relevant hereto, engaged in regular, systematic, continuous and substantial business within Delaware County, and with a principal place of business located at 2301 Market Street, Philadelphia, PA 19013.

5. At all relevant times, Defendant Shamar Management, LLC owned, managed and controlled 218-220 Concord Avenue, Chester, PA 19013.

6. A Complaint was filed against Defendant, PECO, on behalf of Khadijah Regene Comeger, as Administratrix of the Estate of James Comeger, Deceased, on behalf of said Decedent's heirs-at-law and next of kin and in her own behalf, and Ralph Freeman Jr., as Administrator of the Estate of Ralph Freeman Sr., Deceased, on behalf of said Decedent's heirs-at-law and next of kin and in his own behalf, in the companion case of Comeger, et al. v. PECO, E.D.Pa. 2:20-cv-05388.

7. A Complaint was filed against Defendants, City of Chester and Shamar Management, LLC, on behalf of Khadijah Regene Comeger, as Administratrix of the Estate of James Comeger, Deceased, on behalf of said Decedent's heirs-at-law and next of kin and in her own behalf, and Ralph Freeman Jr., as Administrator of the Estate of Ralph Freeman Sr.,

2

Deceased, on behalf of said Decedent's heirs-at-law and next of kin and in his own behalf, in the companion case of <u>Comeger, et al. v. City of Chester, et al.,</u> E.D.Pa. 2:20-cv-05328.

## FACTUAL BACKGROUND

8.     Plaintiff hereby incorporate by reference all preceding Paragraphs of this Complaint the same as if fully set forth hereinafter.

9.     At all times material hereto, Decedent, Jeremiah J. Freeman Ferguson, DOB 05/27/2013, was a minor.

10.     At all times material hereto, Defendant, Shamar Management, LLC, had under its care and direction, the supervision, control and maintenance of the property at or about 218 Concord Avenue, Chester, PA 19013 and 220 Concord Avenue, Chester, PA 19013 (hereinafter referred to as "the property"), including the responsibility to warn anyone living in the property of any dangerous conditions and fire hazards, to remedy immediately dangerous conditions in the property that created fire hazards, to provide safety measures, including fire alarms and fire escapes, on the property to prevent serious injury and/or death created by dangerous conditions and fire hazards, and more responsibilities described herein.

11.     At all times material hereto, Defendant, Shamar Management, LLC and PECO, had under its care and direction, the supervision, control and maintenance of the electrical system, at or about 218 Concord Avenue, Chester, PA 19013 and 220 Concord Avenue, Chester, PA 19013.

12.     At all times material hereto, Defendant, Shamar Management, LLC and PECO, maintained certain responsibilities and obligations for the property, including responsibilities for the safe maintenance and removal of any and all hazardous conditions at or about the property.

13.     In 2007, Chester's Licensing & Inspection Department issued an inspection report in which it failed the property on all twenty-six (26) items on the inspection checklist falling the property in regards to all categories including not limited to "fire extinguishers", "smoke detectors/fire alarm system", "sprinkler system", "electrical hazards cover plates, exposed wires".

3

14.     In 2007, Chester's Licensing & Inspection Department issued a Certificate of Occupancy for the property to Valerie Sanbe, despite the fact that the property had failed inspection and was a fire hazard, which actively increased the likelihood that landlord Shamar would continue to use the property to rent to tenants despite the known unsafe and fire hazard conditions of the property all of which contributed to the landlord to continue to rent the property to individuals including the Plaintiffs herein, all of which contributed to their burning to death in the fire of April 7, 2019.

15.     Upon information and belief, prior to Plaintiff's 2019 accident, Chester was aware that the property was being rented and individuals were living there.

16     Upon information and belief, prior to Plaintiff's 2019 accident, Chester was aware that the property was not up to code.

17.     Upon information and belief, prior to Plaintiff's 2019 accident, Chester charged property taxes and received payment for property taxes related to the property at issue which actively increased the likelihood that the landlord Shamar would continue to rent the property to individuals including the Plaintiffs herein, all of which contributed to their burning to death in the fire of April 7, 2019.

18.     Upon information and belief, since at least December 2017, Defendant, Chester, was aware or should have been aware that Defendant, Shamar Management, was renting the property to individuals despite the fact that the property was not up to code.

19.     On December 26, 2017, more than a year before the fire that killed Plaintiffs, Ebone Butler, Assistant Housing Inspector for Chester, sent a Notice to Defendant, Shamar, copying Chester's Director of Public Safety, William Al Jacobs, and Chester's Code Official, Keith Fugate, setting forth that Shamar was in violation of Chester local Ordinance because a Certificate of Occupancy was not issued for the property and needed to be issued "prior to renting".

4

20.     On February 12, 2018, more than a year before the fire, Ebone Butler, Assistant Housing Inspector for Chester, sent a follow-up Notice to Defendant, Shamar, copying Chester's Director of Public Safety, William Al Jacobs, and Chester's Code Official, Keith Fugate, setting forth that Shamar was in violation of Chester local Ordinance because a Certificate of Occupancy was not issued for the property and needed to be issued "prior to renting" and setting forth that Shamar must "call our office and setup an appointment for an inspection" or that a Magistrate Complaint would be filed against Shamar.

21.     On April 5, 2018, more than a year before the fire, Ebone Butler, Assistant Housing Inspector for Chester, sent a "Final Notice" to Defendant, Shamar, copying Chester's Director of Public Safety, William Al Jacobs, and Chester's Code Official, Keith Fugate, setting forth that Shamar was in violation of Chester local Ordinance because a Certificate of Occupancy was not issued for the property and needed to be issued "prior to renting" and setting forth that he must "call our office and setup an appointment for an inspection" or that a Magistrate Complaint would be filed against Shamar.

22.     Thereafter, and upon information and belief, Defendant, Chester did not perform an inspection of the property, did not take any steps to file a Complaint against Shamar, did not take any steps to follow-up with Defendant, Shamar, and did not take any steps to advise Plaintiffs that the property was not inspected and in violation of Chester City Ordinance and that it had previously failed inspection, did not evict Shamar and did not take any other steps to make the property safe.

23.     Defendant, Chester, was aware that individuals were still residing at the property as of November 4, 2018, as evidenced by the fact that Chester Police responded to a disturbance at the property and contacted Defendant Shamar regarding the property thereafter.

24.     Upon information and belief, Defendant, Shamar, was a known slumlord in Chester City owning and renting out at least sixteen (16) properties in Chester.

25.     At the time of the accident and upon information and belief, for a significant period of time before the accident, Defendants, Chester and PECO, knew or should have known of the numerous dangers and general disrepair of the property, which conditions created foreseeable fire hazards.

26.     At the time of the accident and upon information and belief, there were dangerous conditions of the property including, but not limited to, multiple appliances and electronics plugged into a power strip connected to a neighbor's power outlet, an overcrowded circuit breaker, a faint gasoline smell, lawn maintenance machines stored on the first floor of property, and a sewer backup in the basement.

27.     For a significant period of time prior to Decedent Plaintiffs' accident on April 7, 2019, Defendants, Chester, Shhamar Management, LLC and PECO, knew or had reason to know that the property should have been vacant due to the dangerous and unsuitable living conditions of the property.

28.     For a significant period of time prior to Decedent Plaintiffs' accident on April 7, 2019, Defendants, Shamar Management, LLC and PECO, knew or had reason to know that several tenants of the property, including the Decedents occupying 220 Concord Avenue, did not have active electrical accounts, but that the Decedents' neighbor at 303 West 3rd Street did have an active electrical account.

29.     For a significant period of time prior to Decedent's Plaintiff's accident on April 7, 2019, Defendants, Shamar Management, LLC, as well as PECO, knew or had reason to know that the Decedents' neighbor at 303 West 3rd Street had an electrical bill showing about twice as much electrical consumption as the first floor tenants' electrical consumption for the month, putting said Defendants on notice or giving Defendants reason to further investigate whether there were persons living in the dangerous property.

6

30.     Upon information and belief, the circuit breaker in use at 303 West 3rd Street had a maximum power load of 15 Amps, which was exceeded in use at the time of the accident and for a significant period of time before the accident.

31.     On or about April 7, 2019, Decedent, Jeremiah J. Ferguson Freeman, resided at 218-220 Concord Avenue, Chester, PA, 19013.

32.     On or about April 7, 2019, Decedent, Jeremiah J. Ferguson Freeman, was inside the property.

33.     On or about April 7, 2019, a fire erupted inside the property due to the actions and/or inactions of Defendants, Chester, Shamar Management, LLC and PECO.

34.     When police arrived at the scene on the aforesaid date, there was heavy smoke coming out of the property from various windows.

35.     Jeremiah was taken from the house to CHOP and placed on a ventilator.

36.     Jeremiah died on April 9, 2019, as a result of the injuries he sustained in the fire.

37.     Defendants, Chester, Shamar Management, LLC and PECO, knew or should have known about these aforesaid risks and other dangerous conditions before the Decedents' accident occurred, as these risk and dangerous conditions were obvious, foreseeable, and direct harms.

38.     Defendants, Chester, Shamar Management, LLC and PECO, knew or should have known that these risks and conditions created a propensity for a fire to erupt.

39.     Defendants, Chester, Shamar Management, LLC and PECO, knew or should have known that by failing to act and/or acting in the manner that produced this result, the omissions and/or acts would result in a foreseeable and direct harm to the Decedents, including fire, injury, and death.

40.     As a result of Defendants,  Chester, Shamar Management, LLC and PECO's  actions and/or inactions  in owning, maintaining, controlling, and/or supervising the property, a fire erupted and caused Jeremiah J. Ferguson Freeman, to sustain catastrophic injuries ultimately

resulting in his untimely deaths and causing Plaintiff, Ralph E. Freeman, as Administrator of the

Estate of Jeremiah J. Ferguson Freeman, to sustain those damages more specifically set forth

hereinafter.

**COUNT I**

**RALPH E. FREEMAN, Administrator of the Estate of JEREMIAH J FERGUSON**
**FREEMAN, on Behalf of said Decedent's heirs-at-law and next of kin and in his own behalf**
**v. SHAMAR**
**NEGLIGENCE**

41.     Plaintiff, Ralph E. Freeman, as Administrator of the Estate of Jeremiah J. Ferguson

Freeman, on behalf of said Decedent's heirs-at-law and next of kin and in his own behalf,

incorporates by reference all preceding paragraphs of this complaint, the same as if fully set forth

hereinafter.

42.     Defendant, Shamar Management, LLC, by and through their separate and respective

agents, servants, workmen and/or employees, were careless and negligent in in the following ways:

      a.   Owning a property that was unsafe for residents;

      b.   Renting the property to Ralph Freeman Sr., despite the fact that the property was
         unsafe for residents;

      c.   Renting an unsafe property to Ralph Freeman Sr. with the knowledge that a
         minor would be residing on the property;

      d.   Accepting rent money for a property that was unsafe for residents;

      e.   Maximizing profit for the property by minimizing any expense on property
         maintenance;

      f.   Maximizing profit for the property by minimizing costs on inspecting the
         property;

      g.   Storing items on the property that rendered the property a fire hazard;

      h.   Failing to inspect and maintain the property;

      i.   Failing to inspect and maintain the smoke detectors of the property;

      j.   Failing to inspect, maintain, and/or install accessible fire escapes for the
         property;

k.  Failing to inspect and maintain the property's electricity;

l.  Allowing the property to remain in a dangerous and defective condition while permitting Decedents to live there;

m.  Failing to prevent Decedents from living in the property;

n.  Failing to properly eliminate potential ignition sources in the property;

o.  Failing to warn all persons, such as Decedent, of the dangerous conditions of the property;

p.  Failing to warn Decedent of any unreasonable hazards posed by the unseen dangerous conditions of the property;

q.  Failing to maintain the property in a reasonably safe condition;

r.  Failing to install, maintain, and/or inspect a proper wiring system for the property;

s.  Failing to remedy the overloaded circuit breaker;

t.  Failing to provide remedial measures to the property after the review by Chester's Licensing & Inspection's employee in 2007;

u.  Allowing Decedent to continue to live in the property when the property failed its review by Chester's Licensing & Inspection's employee;

v.  Failing to have the property inspected by Chester;

w.  Failing to obtain a proper Certificate of Occupancy for the property;

x.  Disregarding the gaseous smells in the property;

y.  Disregarding the abnormal electrical consumption for a direct neighbor to the property that was supposed to be vacant, indicating persons were living in the property when it was unsafe;

z.  Failing to further investigate the abnormal electrical consumption of the property's neighbor, when Defendant knew or had reason to know the property at issue did not have active electrical accounts;

aa. Failing to further investigate the property in general when Defendants were on notice about the dangerous conditions;

bb. Disregarding that the wiring system as an individual component or connected to the circuit breaker was not properly inspected and/or maintained;

cc. Disregarding the overloaded circuit breaker for the property;

dd. Disregarding that a 15 Amp circuit breaker could not handle the load that was found actually in use in the property;

ee. Disregarding that an overloaded circuit breaker has propensity to be shorted to cause a fire and/or become a fire hazard;

ff. Disregarding the rights and safety of persons such as Decedent who lived on the property as described above without properly working smoke detectors and/or fire escapes;

gg. Disregarding that Decedent continued to live in the property when the property was unsuitable for living and was supposed to be vacant;

hh. Disregarding that Defendants' failures to act in warning or remedying the dangerous condition of the property would result in a foreseeable harm;

ii. Disregarding the propensity for fire to erupt with the hazards on and in the property;

jj. Disregarding that lawn maintenance machines omit gaseous smells and flammable remnants;

kk. Disregarding that the lawn maintenance machines would create a fire hazard or other dangerous condition when stored inside a property that people inhabited;

ll. Failing to store the lawn maintenance machines in a suitable area that was away from people's dwellings;

mm.   Failing to act when Defendant was on notice about the fire hazards and other dangerous conditions of the property;

nn. Failing to take proper precautions and measures so that the persons such as Decedent would not be injured on the property as described above; and

oo. Other acts of carelessness and negligence that may be uncovered during the discovery process.

43.    The general disrepair of the property and the aforesaid dangers put Defendant, Shamar Management, LLC, on notice of the foreseeable and direct harm to Jeremiah J. Ferguson Freeman.

44.     Defendant, Shamar Management, LLC and PECO, knew or should have known of the aforesaid dangers for a significant period of time before Jeremiah J. Ferguson's death, and failed to act, resulting in foreseeable and direct harm including, fire, injury, and death.

45.     Defendant, Shamar Management, LLC's conduct was a substantial factor, a factual cause and/or increased the risk of harm of serious and permanent injury and/or death to Jeremiah J. Ferguson.

46.     As a direct and proximate result of Defendant, Shamar Management, LLC's careless and negligent conduct, Decedent, Jeremiah J. Ferguson, was caused to sustain serious, disabling and permanent personal injuries: he sustained catastrophic injuries which ultimately resulted in his untimely death on April 7, 2019; he was unable to perform usual duties and avocations; he suffered a shortened life expectancy; he endured conscious pain and suffering, and loss of life's pleasures just before his eighth birthday.

47.     The acts and omissions of Defendant, Shamar Management, LLC, in causing the instant accident, including renting a building with numerous fire hazards that was unsafe for residents, support a claim for punitive damages in that said conduct was committed in a willful and/or reckless and wanton manner, with a conscious indifference to the laws of the Commonwealth of Pennsylvania, the safety of human beings living at the property, the safety of Plaintiff, Jeremiah J. Ferguson, Deceased, and were of such outrageous nature as to merit the award of punitive damages to punish the Defendant, for said conduct and to deter said Defendant and others from similar activities, for which claim is made.

**WHEREFORE**, Plaintiff, Ralph E. Freeman, as Administrator of the Estate of Jeremiah J. Ferguson Freeman, a sum in excess of $150,000.00, jointly and severally, including punitive damages and brings this action to recover same.

11

## COUNT II
### RALPH E. FREEMAN, Administrator of the Estate of JEREMIAH J FERGUSON FREEMAN, on Behalf of said Decedent's heirs-at-law and next of kin and in his own behalf
### v. PECO
### NEGLIGENCE

48.     Plaintiff, Ralph E. Freeman, as Administrator of the Estate of Jeremiah J. Ferguson Freeman, on behalf of said Decedent's heirs-at-law and next of kin and in his own behalf, incorporates by reference all preceding paragraphs of this complaint, the same as if fully set forth hereinafter.

49.     Defendant, PECO, by and through their separate and respective agents, by and through their separate and respective agents, servants, workmen and/or employees, were careless and negligent in in the following ways:

      a.   Failing to inspect and maintain the properties' electricity;

      b.   Failing to properly eliminate potential ignition sources in the property;

      c.   Failing to warn all persons, such as Decedent of the dangerous conditions of the property;

      d.   Failing to warn Decedent of any unreasonable hazards posed by the unseen dangerous conditions of the property;

      e.   Failing to maintain electrical system of the properties in a reasonably safe condition;

      f.   Failing to remedy the overloaded circuit breaker;

      g.   Failing to provide remedial measures to the electrical system of property after the review by Chester's Licensing & Inspection's employee in 2007;

      h.   Allowing Decedent to continue to live in the property when the property failed its review by Chester's Licensing & Inspection's employee;

      i.   Disregarding the abnormal electrical consumption for a direct neighbor to the property that was supposed to be vacant, indicating persons were living in the property when it was unsafe;

      j.   Failing to further investigate the abnormal electrical consumption of the property's neighbor, when Defendant knew or had reason to know those properties did not have active electrical accounts;

12

k.  Failing to further investigate the property in general when Defendant was on notice about the dangerous conditions;

l.  Disregarding that the wiring system as an individual component or connected to the circuit breaker was not properly inspected and/or maintained;

m.  Disregarding the overloaded circuit breaker for the properties;

n.  Disregarding that a 15 Amp circuit breaker could not handle the load that was found actually in use in the properties;

o.  Disregarding that an overloaded circuit breaker has propensity to be shorted to cause a fire and/or become a fire hazard;

p.  Disregarding that Defendant's failures to act in warning or remedying the dangerous condition of the electrical system of the properties would result in a foreseeable harm;

q.  Disregarding the propensity for fire to erupt with the hazards on and in the properties;

r.  Failing to act when Defendant, PECO, was on notice about the fire hazards and other dangerous conditions of the property;

s.  Failing to take proper precautions and measures so that the persons such as Decedents would not be injured on the property as described above; and

t.  Other acts of carelessness and negligence that may be uncovered during the discovery process.

50.  The general disrepair of the property and the aforesaid dangers put the Defendant, PECO, on notice of the foreseeable and direct harm to Jeremiah J. Ferguson Freeman.

51  Defendant, PECO, knew or should have known of the aforesaid dangers for a significant period of time before to Jeremiah J. Ferguson Freeman's death, and failed to act, resulting in foreseeable and direct harm including, fire, injury, and death.

52.  Defendant, PECOs conduct was a substantial factor, a factual cause and/or increased the risk of harm of serious and permanent injury and/or death to Jeremiah J. Ferguson Freeman.

53.  As a direct and proximate result of Defendant, PECO's careless and negligent conduct, Decedent, Jeremiah J. Ferguson Freeman was caused to sustain serious, disabling and

permanent personal injuries: he sustained catastrophic injuries which ultimately resulted in his untimely death on April 9, 2019; he was unable to perform usual duties, occupations and avocations; he suffered a shortened life expectancy; he endured conscious pain and suffering, and loss of life's pleasures.

**WHEREFORE**, Plaintiff, Ralph E. Freeman, as Administrator of the Estate of Jeremiah J. Ferguson Freeman, claims of Defendant, PECO, jointly and severally, a sum in excess of $150,000.00 and brings this action to recover same.

### COUNT III
### RALPH E. FREEMAN, Administrator of the Estate of JEREMIAH J FERGUSON FREEMAN, on Behalf of said Decedent's heirs-at-law and next of kin and in his own behalf v. CHESTER
### THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

54.     Plaintiff, Ralph E. Freeman, as Administrator of the Estate of Jeremiah J. Ferguson Freeman, on behalf of said Decedent's heirs-at-law and next of kin and in his own behalf, incorporates by reference all preceding paragraphs of this complaint, the same as if fully set forth hereinafter.

55.     Defendant, Chester is a governmental entity subject to suit for violation of James Comeger's civil rights pursuant to 42 U.S.C. §1983.

56.     Defendant, Chester's constitutional torts are not governed or limited in any way by 42 Pa.C.S. § 8541, *et. seq.*, or 42 Pa.C.S. § 8521, *et. seq.*

57.     At all times material hereto, minor, Jeremiah J. Ferguson Freeman, possessed a liberty interest in his life, which is a right secured under the Fourteenth Amendment to the Constitution of the United States

58.     Defendant, Chester, violated minor, of Jeremiah J. Ferguson Freeman, substantive due process right to liberty in his life.

14

59.     At the time and place aforesaid, Defendant, Chester, acted under the color of the authority of the Commonwealth of Pennsylvania and/or other governmental entities, and through its employees, servants, and agents, acting within the course and scope of their employment, service, and agency.

60.     At all relevant times, minor, of Jeremiah J. Ferguson Freeman, was a foreseeable victim to Defendant, Chester's actions and/or inactions and was in a specific class of individuals who were foreseeable victims.

61.     Defendant, Chester, was aware of the potential for danger and the foreseeability of the harm and death suffered by minor, of Jeremiah J. Ferguson Freeman, as evidenced by the fact that Chester's Licenses & Inspections employees, acting in the course and scope of his or her employment with Chester, observed and failed the property at issue in 2007 on all categories of inspection, including a nonworking fire alarm system, issued a Certificate of Occupancy for the property, was aware individuals were living in the property for at least a year before the accident, accepted property taxes for the property and was aware the property had not recently been inspected and in violation of Chester City Ordinance and that it had previously failed inspection, did not evict Shamar and did not take any other steps to make the property safe.

62.     Defendant, Chester, was aware of the potential for danger and the foreseeability of the harm and death suffered by minor, of Jeremiah J. Ferguson Freeman, and that the property was supposed to be vacant due to the dangerous and unsuitable living conditions and they acted with deliberant indifference towards the life of  Jeremiah J. Ferguson Freeman, for the reasons set forth at greater detail above.

63.     Defendant, Chester's actions and inactions, discussed at greater length above, increased the risk of harm to of Jeremiah J. Ferguson Freeman.

64.     Defendant, Chester, was aware of the potential for danger and the foreseeability of the harm and death suffered by of Jeremiah J. Ferguson Freeman, as evidenced by their failure to

15

prevent of Jeremiah J. Ferguson Freeman, from living in a dangerous and unsuitable living condition.

65.     Defendant, Chester, was aware of the potential for danger and the foreseeability of the harm and death suffered by of Jeremiah J. Ferguson Freeman, because Defendant knew of the dangerous, unsafe, and potentially fatal conditions on the property, and that the property was freely open to residents, including minors.

66.     Defendant, Chester's aforesaid willful disregard of dangers placed of Jeremiah J. Ferguson Freeman, in a dangerous position, costing his life, which was at all time materially foreseeable.

67.     Defendant, Chester's aforesaid actions and/or inactions, which resulted in Jeremiah J. Ferguson Freeman's untimely death, were the result of the policies, customs, and/or practices of Defendant, Chester.

68.     By willfully disregarding that the property remained in general disrepair, which conditions created foreseeable and direct fire hazards to anyone living in or about the property, despite knowing or having reason to further investigate the property, and allowing the property to remain without the required oversight, maintenance, management, and control, and by allowing of Jeremiah J. Ferguson Freeman, and his grandfather to live in the property, despite Defendant, Chester's knowledge of the dangerous and unsuitable living conditions and that the property was freely open to residents, Defendant,  Chester, rendered Jeremiah J. Ferguson Freeman, substantially more vulnerable to danger as a minor.

69.     By willfully disregarding that the property remained in general disrepair, which conditions created foreseeable and direct fire hazards to anyone living in or about the property, despite knowing or having reason to further investigate the property, and allowing the property to remain without the required oversight, maintenance, management, and control, and by allowing James Comeger and his grandfather to live in the property, despite Defendant, Chester's knowledge

16

of the dangerous and unsuitable living conditions, and, upon information and belief, Chester actively sending tax bills to Shamar and/or accepting tax payments from Shamar, sending police officers to the property at issue and/or not evicting Shamar and his tenants despite their knowledge that Shamar had tenants living in this fire hazard property, Defendant, Chester, used its authority to create the hazardous conditions that otherwise would not have continued to exist but for Defendant's actions all of which increased the risk of harm to Plaintiff that he would burn to the death in the foreseeable fire..

70.     By willfully disregarding that the property remained in general disrepair, which conditions created foreseeable and direct fire hazards to anyone living in or about the property, despite knowing or having reason to further investigate the property, and allowing the property to remain without the required oversight, maintenance, management, and control, and by allowing of Jeremiah J. Ferguson Freeman, and his grandfather to live in the property, despite Defendant, Chester's knowledge of the dangerous and unsuitable living conditions, and, upon information and belief, Chester actively sending tax bills to Shamar and/or accepting tax payments from Shamar, sending police officers to the property at issue and/or not evicting Shamar and his tenants despite their knowledge that Shamar had tenants living in this fire hazard property, Defendants used its authority over of Jeremiah J. Ferguson Freeman, in a way that increased Jeremiah J. Ferguson Freeman's risk of harm as a minor, all of which increased the risk of harm to Plaintiff that he would burn to the death in the foreseeable fire.

71.     Defendant, Chester's acts constituted a "state created danger," rendering them liable to Jeremiah J. Ferguson Freeman, through Plaintiff, Ralph E. Freeman, as Administrator of Jeremiah J. Ferguson Freeman's Estate, for violation of Jeremiah J. Ferguson Freeman's civil rights.

72.     The constitutional rights violated by Defendant, Chester, include liberty of life.

73.     Defendant, Chester, knew of should have known that their failure to provide the property with the required oversight, maintenance, management, and control, and failure to warn of

17

the dangerous living conditions posed a significant risk of serious bodily injury or death, which at all times relevant herein were a foreseeable result of Defendant, Chester's actions or lack thereof.

74.     As a direct and proximate result of the Defendant, Chester's conduct, which creates a degree of culpability that shocks the conscience, Jeremiah J. Ferguson Freeman was caused to suffer excruciating and agonizing pain and suffering and discomfort which ultimately resulted in his untimely death on April 9, 2019, as described above.

75.     As a direct and proximate result of Defendant, Chester's conduct, Jeremiah J. Ferguson Freeman was deprived of his liberty interest in his life without due process of law guaranteed by the Fourteenth Amendment of the United States Constitution.

**WHEREFORE**, Plaintiff claims of Defendant, Chester, jointly and severally, a sum in excess of $150,000.

## COUNT IV
### RALPH E. FREEMAN, Administrator of the Estate of JEREMIAH J FERGUSON FREEMAN, on Behalf of said Decedent's heirs-at-law and next of kin and in his own behalf
### <u>WRONGFUL DEATH</u>

76     Plaintiff, Ralph E. Freeman, as Administrator of the Estate of Jeremiah J. Ferguson Freeman, on behalf of said Decedent's heirs-at-law and next of kin and in his own behalf, incorporates by reference all preceding paragraphs of this complaint, the same as if fully set forth hereinafter.

77.     As a further direct and proximate result of the aforesaid negligent acts and/or omissions of Defendants, Chester, PECO and Shamar Management, LLC, Plaintiff, Ralph E. Freeman, sustained and is entitled to recover the following damages:

      a.   Medical expenses incurred by or on behalf of the Decedent, Jeremiah J. Ferguson Freeman, as a result of said Defendant's negligence;

      b.   Funeral expenses incurred as a result of the death of Decedent, Jeremiah J. Ferguson Freeman;

      c.   Expenses incurred in the administration of said Decedent;

d.  Loss of net projected pecuniary contributions from said Decedent;

e.  Loss of said Decedent's services, companionship, comfort, society, solace, protection; and

f.  Such other damages as are recognized by Pennsylvania law and/or may be recognized during the pendency of the action (e.g., damages for plaintiff's grief, mental anguish, loss of enjoyment of life's pleasures and pain and suffering, as a result of the decedent's death) as well as hedonic damages.

**WHEREFORE**, Plaintiff, Ralph E. Freeman, Administrator of the Estate of Jeremiah J. Ferguson Freeman, claim of Defendants, Chester, PECO and Shamar Management, LLC, jointly and severally, sums in excess of $150,000 in damages and brings this action to recover the same.

## COUNT V
## RALPH E. FREEMAN, Administrator of the Estate of JEREMIAH J FERGUSON FREEMAN, on Behalf of said Decedent's heirs-at-law and next of kin and in his own behalf
## <u>SURVIVAL ACTION</u>

78.   Plaintiff, Ralph E. Freeman, as Administrator of the Estate of Jeremiah J. Ferguson Freeman, on behalf of said Decedent's heirs-at-law and next of kin and in his own behalf, incorporates by reference all preceding paragraphs of this complaint, the same as if fully set forth hereinafter.

79.   As a result of the careless and negligent actions of Defendants, Chester, PECO and Shamar Management, LLC, Plaintiff's Decedent, Jeremiah J. Ferguson Freeman, was caused to expire.

80.   As a result of the carelessness of Defendants, aforesaid, Plaintiff's Decedent and his estate was compelled to expend monies and incur obligations for his medical treatment and care; Plaintiff's Decedent was caused to be unable to perform all of his usual occupations, duties and avocations all to his great loss and detriment; his death resulted in great loss and detriment to his family; he was unable to live out his normal life expectancy; and he was deprived of the opportunity of living a full and complete life; he and his Estate suffered hedonic damages and his Estate was responsible to pay her funeral bills and related costs.

**WHEREFORE**, Plaintiff, Ralph E. Freeman, Administrator of the Estate of Jeremiah J. Ferguson Freeman, claim of Defendants, Chester, PECO and Shamar Management, LLC, jointly and severally, sums in excess of $150,000 in damages and brings this action to recover the same.

SALTZ, MONGELUZZI & BENDESKY P.C.

*Robert N. Braker/s/*

BY: _____

ROBERT N. BRAKER, ESQUIRE
Saltz Mongeluzzi & Bendesky P.C.
Attorney ID 62583
1650 Market Street, 52nd floor
Philadelphia, PA  19103
(215) 496-8282
rbraker@smbb.com